## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS
## EASTERN DIVISION

DANNY DANIEL
Reg #11382-280                                                        PETITIONER


V.                          2:10-CV-00099-SWW-JTR


T.C. OUTLAW, Warden
FCI-Forrest City                                                      RESPONDENT

### MEMORANDUM AND ORDER

Pending before the Court[1] is a 28 U.S.C. § 2241 Petition for a Writ of Habeas

Corpus filed by Petitioner, Danny Daniel.  (Docket entry #1).  Respondent has filed

a Response (docket entry #9), to which Petitioner filed a Reply.  (Docket entry #12).

Thus, the issues are joined and ready for disposition.

### I.  Background

On July 20, 2010, while serving a forty-eight month sentence at the Federal

Correctional Complex in Forrest City, Arkansas ("FCC Forrest City"), Petitioner filed

this federal habeas action.  (Docket entry #1).  In his Petition, he alleges that the

Bureau of Prisons ("BOP") violated the Second Chance Act when it recommended

him for up to 180 days of RRC placement instead of the twelve months' of RRC

---

[1] The parties have consented to proceedings before a United States
Magistrate Judge (Docket entry #10).

placement that he requested. *Id.* Petitioner argues that the BOP failed to consider his case in good faith pursuant to the factors set forth in 18 U.S.C. § 3621(b). *Id.* Petitioner seeks an order directing the BOP to reconsider his request for twelve months' of RRC placement. *Id.*

In his Response, dated September 20, 2010, Respondent argues that Petitioner failed to exhaust his administrative remedies and that the BOP properly determined Petitioner's prerelease RRC placement according to the Second Chance Act. (Docket entry #9).

The Court concludes that the Petition is without merit. Thus, it is unnecessary for the Court to address Respondent's nonexhaustion defense. *See Lueth v. Beach*, 498 F.3d 795, 797 n.3 (8th Cir. 2007)(proceeding to merits of habeas claim under 28 U.S.C. § 2241 despite failure to exhaust administrative remedies because the exhaustion prerequisite under § 2241 was "judicially created, not jurisdictional"). The Petition for Writ of Habeas Corpus will be dismissed, with prejudice.

## II.  Discussion

Pursuant to 18 U.S.C. § 3621(b), the BOP is authorized by statute "to designate the place of [a] prisoner's imprisonment." 18 U.S.C. § 3621(b); see also *Miller v. Whitehead,* 527 F.3d 752, 754 (8th Cir. 2008). In deciding where an inmate is to be imprisoned, the BOP must consider the following five statutory factors: (1) the

resources of the facility contemplated; (2) the nature and circumstances of the offense; (3) the history and characteristics of the prisoner; (4) any statement by the court that imposed the sentence; and (5) any pertinent policy statement issued by the Sentencing Commission. 18 U.S.C. § 3621(b). In addition, to the five statutory factors, the BOP must "ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community." Second Chance Act § 251; 18 U.S.C. § 3624(c)(1). Although § 3624 allows for placement in an RRC for up to 12 months, "placement beyond 180 days [is] highly unusual, and only possible with extraordinary justification." *Whitehead*, 527 F.3d at 757.

Petitioner's "Second Chance Act – RRC Needs Assessment Form" reflects that he underwent an RRC assessment on May 26, 2010, and was recommended for 180 days of RRC placement. (Docket entry #9-1, Ex. B to Crook Aff.). The assessment shows that, in making its decision, the BOP considered Petitioner's offense, his prior criminal history, history of incident reports in prison, his education, community/family support, and his proposed residence. *Id.* Under "Recommended Placement," the evaluation states, " Subject is employable, has generally good health, appropriate resources are available in RRC, has short-length of sentence and extensive

criminal history.  Thus, up to 180 days RRC is appropriate."  *Id.*

The BOP's decision was clearly based on its individual consideration of the factors identified in 18 U.S.C. § 3621(b).  The statute does not require the BOP to provide prisoners with a detailed statutory analysis, instead it only requires that the BOP consider a Petitioner's request for RRC placement "in good faith."  *Whitehead*, 527 F.3d at 758.  There is no evidence in the record that indicates the BOP acted other than in good faith when it concluded that Petitioner should serve 180 days at an RRC. Thus, the Court concludes that Petitioner's habeas claim is without merit.

### III.  Conclusion

IT IS THEREFORE ORDERED that the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241   (Docket entry #1) is DENIED, and the case is DISMISSED, WITH PREJUDICE.

Dated this 17th day of February, 2011.

_____
UNITED STATES MAGISTRATE JUDGE